Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| LaTasha Turner, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| Lyft, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff LaTasha Turner ("Plaintiff"), alleges:

## INTRODUCTION

1.  Plaintiff brings this action against Lyft, Inc. ("Lyft") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff equal access to its services.

## PARTIES

2.  Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

3.  Lyft is a Delaware Corporation with its principal place of business in San Francisco, California. At all times relevant, Lyft has done and did business in California.

4.  Lyft owns and operates the ride-sharing or ride-hailing mobile application and service also known simply as Lyft or the Lyft App.

//

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4).

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Lyft's principal office is within this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from a disability, and/or medical conditions that is a disability.

9. Plaintiff suffers from, among other things, a traumatic brain injury and bulging disks from her neck to her lower back related to a tragic 2020 auto accident.

10. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11. Plaintiff has mobility issues that prevent her from safely bending over to pick up objects that she drops on the floor.

12. Plaintiff utilizes a service dog to help address the challenges resulting from Plaintiff's disability, which Plaintiff deals with on a daily basis.

13. Plaintiff's service dog is trained in specific tasks to assist Plaintiff with the symptoms of Plaintiff's disability, including, but not limited to, picking up objects that Plaintiff drops on the floor or ground.

14. Plaintiff was denied Lyft rides on the following occasions only after informing her Lyft driver via in-app message that she was accompanied by a service animal:

   a. July 22 with driver "Dusan"
   b. July 22 with driver "Jose"
   c. July 22 with driver "Leslie"
   d. July 25 with driver "Beverly"
   e. July 30 with driver "Huron"

15. On each of these occasions, Plaintiff summoned a ride using Lyft's mobile application.

16. Plaintiff would then notify the driver of the fact that she was accompanied by her service animal, or the driver themselves would see Plaintiff's service animal as they approached Plaintiff for pickup. Defendant's driver would then unilaterally cancel Plaintiff's ride.

17. In each of these five instances, Plaintiff was denied a ride by the Lyft driver solely because of her status as a disabled person utilizing a service animal.

18. While Lyft claims to have a service animal policy requiring its drivers to accept rides from disabled individuals utilizing service animals, in reality, Lyft does absolutely nothing to ensure that its drivers do not actively discriminate against disabled individuals, resulting in ongoing denials of access.

19. Plaintiff would like to use Lyft when it complies with the ADA requirements regarding service animals and changing its policies, trainings, and procedures accordingly.

20. Plaintiff has been injured as result of Lyft's conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

23. Lyft's operation of the Lyft App affects commerce.

24. Lyft accepts, solicits, advertise, and/or offers the Lyft App to the public.

25. The Lyft App is a public accommodation.

26. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford

such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

27. Lyft's policy results in active discrimination against disabled patrons utilizing service animals.

28. Lyft's conduct knowingly and willfully denies and excludes Plaintiff from equal access to their public accommodation.

29. As a result of Lyft's conduct, Lyft actively and blatantly denies Plaintiff equal access to to Lyft's platform and the rides that Lyft offers to provide to Plaintiff. Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to rebook rides with Lyft.

30. It is readily achievable for Lyft to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Lyft App services.

31. Lyft does not have any legitimate business justification to excuse their denial of Plaintiff's equal access.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and/or pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

33. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may attempt to use the Lyft App, in light of Lyft's conduct.

34. Lyft's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

35. Plaintiff seeks injunctive relief as to Lyft's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

//

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq.*

36. Plaintiff incorporates all prior paragraphs as if fully stated herein.

37. The Lyft App is an accommodation, public accommodation, or other place to which the general public is invited.

38. Lyft denied and interfered with Plaintiff's ability to access the Lyft App and the services provided through it.

39. Plaintiff wishes to use the Lyft App but is substantially deterred from it because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort, and embarrassment. Plaintiff is unable, so long as such acts and omissions of Lyft continues, to achieve equal access to and use of the Lyft App.

40. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Lyft in owning and operating the Lyft App, Plaintiff has suffered a violation of civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

41. Lyft's actions and omissions constitute discrimination against Plaintiff.

42. Plaintiff has been damaged by Lyft's wrongful conduct.

43. Lyft has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Lyft App and encounter illegal policy barriers which deny them full and equal access when they do so.

44. At all times herein mentioned, Lyft knew, or in the exercise of reasonable diligence should have known, that its practices at the Lyft App violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Lyft has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages are appropriate.

45. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Lyft's behavior was intentional.

46. Plaintiff believes Lyft was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.

47. Lyft's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Lyft App, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

48. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

49. Plaintiff seeks injunctive relief as to Lyft's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

50. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Lyft make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

51. Plaintiff suffered damages as described are a result of Lyft's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Lyft App. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

//
//
//

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

52. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

53. The Lyft App is a business establishment.

54. Lyft intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Lyft App.

55. Lyft's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56. Plaintiff was harmed.

57. Lyft's conduct was a substantial factor in causing Plaintiff's harm.

58. Alternatively, the Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f), so Lyft has violated the Unruh Act by violating the ADA.

59. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

60. Plaintiff also seeks to enjoin Lyft from violating disabled persons' rights.

### PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Lyft to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, and at least a statutory minimum of $4,000 for each offense;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 12205, Civil Code sections §§ 52, 54, Code of Civil Procedure section 1021.5, and/or any other applicable statutes, expenses, and costs of suit;

5. Other relief that the court deems appropriate.

Plaintiff hereby demands a jury.

Dated: August 29, 2022

Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff